IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Action No. 10-509-GMS |
| | ) |
| WARDEN PERRY PHELPS, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this 27th day of July, 2010;

On June 22, 2010, the court construed a filing by the petitioner, James Arthur Biggins, ("Biggins"), titled as a petition for writ of mandamus, as a complaint seeking recovery pursuant to 42 U.S.C. § 1983. At the same time, the court denied Biggins' motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and gave him thirty (30) days to pay the $350.00 filing fee. (D.I. 4.) Biggins asks the court to reconsider its ruling and allow the filing to proceed as a petition for a writ of mandamus. (D.I. 5.)

The standard for obtaining relief under Rule 59(e) is difficult for Biggins to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The United States Court of Appeals for the Third Circuit has ruled that mandamus petitions are not "civil actions" or "appeals" subject to the requirements of the Prison Litigation Reform Act ("PLRA"). *In re Steele,* 251 F. App'x 772 (3d Cir. 2007) (not published) (citing *Madden v. Myers,* 102 F.3d 74, 77 (3d Cir. 1996). However, a "litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." *Madden v. Myers,* 102 F.3d at 78. Accordingly, if a prisoner files a "mandamus petition" that actually would initiate an appeal or a civil action, the PLRA applies. *In re Steele,* 251 F. App'x at 773.

Biggins alleges denial of access to the courts, denial of the right to exercise religion, and unconstitutional and retaliatory cell searches. He seeks injunctive relief and punitive damages. His pleading is clearly a complaint, no matter what the title. "Rather than being defined by its caption, a 'complaint' is '[t]he initial pleading that starts a civil action and states the basis for the

court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." *In re Siyi Zhou*, 198 F. App'x 177, 179 (3d Cir. 2006) (not published) (quoting Black's Law Dictionary 285 (6th ed. 1990)). Biggins has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's June 22, 2010 order. For the above reasons, the court will deny the motion for reconsideration.

NOW THEREFORE, at Wilmington this 27th day of July, 2010, IT IS HEREBY ORDERED that:

1. The motion for reconsideration is **denied**. (D.I. 10.)

2. Biggins is given **thirty** (30) days from the date of this order to pay the $350.00 filing fee. If Biggins does not pay the filing fee within that time, the complaint shall be dismissed.

CHIEF UNITED STATES DISTRICT JUDGE